UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL PECK, | ) |
| | ) |
| Movant, | ) |
| | ) |
| | ) No. 4:18-CV-2124 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

Before the Court is movant's pro se motion challenging the constitutionality of the criminal statutes under which he was convicted and sentenced on August 1, 2013. *See* 18 U.S.C. §§ 2252A(a)(5(B) and 18 U.S.C. § 2252A(b)(2). The Court has reviewed movant's motion in its entirety and will deny and dismiss it as an attempt to file a second or successive motion to vacate without permission from the Eighth Circuit Court of Appeals. *See* 28 U.S.C.§§ 2244 and 2255.

### Background

On February 25, 2013, movant pled guilty to two counts of possession of child pornography. *United States v. Peck*, No. 4:12-CR-368 ERW (E.D.Mo. 2013). On August 1, 2013, the Court sentenced movant to 120 months' imprisonment on each of counts one and two, such terms to be served concurrently. Movant did not appeal. *Id.*

On June 15, 2015, movant filed his first motion to vacate his conviction and sentence. *Peck v. United States*, No. 4:15-CV-961 ERW (E.D.Mo.). The Court denied and dismissed his motion to vacate as time-barred on September 17, 2015. *Id.* He was denied a certificate of appealability by the Eighth Circuit Court of Appeals on January 2, 2016. *See Peck v. United States*, No. 15-3357 (8th Cir. 2016).

On June 29, 2017, movant filed a pro se "motion for acquittal" seeking to have his conviction overturned. In his motion, movant asserted that in a new Supreme Court case, *Lee v. United States*, 137 S.Ct.1958 (2017), "the Supreme Court refines the prejudice inquiry for guilty plea ineffectiveness claims. He stated that if *Lee*, were applied, movant would be able to demonstrate that his counsel improperly advised him to go to trial in his criminal proceedings as a result of a variety of factors, in violation of his Sixth Amendment rights. In his motion for acquittal, movant specifically sought to have his conviction overturned and asked to be released from custody. Because such relief could only be sought under 28 U.S.C. § 2255, the Court intereptreted movant's motion as a request for a successive § 2255 and denied movant's request for relief on July 27, 2017. *Peck v. United States*, No. 4:15-CV-961 ERW (E.D.Mo.).

Movant sought permission from the Eighth Circuit Court of Appeals to file a successive habeas application, but his request was denied on August 14, 2018. *Peck v. United States*, No. 19-1671 (8th Cir. 2018).

## Discussion

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

The dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. *E.g., In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Quezada v. Smith*, 624 F.3d 514, 519–20 (2d Cir.

2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)).

Movant's original motion to vacate his sentence brought in June of 2015 was dismissed as time-barred. As a result, the instant motion is successive to his original motion to vacate.

Under 28 U.S.C. § 2244(a) and § 2255(h) district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. The instant petition has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief. Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be dismissed. Additionally, no certificate of appealability shall issue.

Accordingly,

**IT IS HEREBY ORDERED** that movant's pro se motion challenging the constitutionality of the criminal statutes under which he was convicted and sentenced on August 1, 2013, which is in fact a successive motion to vacate his conviction, [Doc. #1], is **DENIED AND DISMISSED AS SUCCESSIVE.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

**IT IS FURTHER ORDERED** that movant's motion to proceed in forma pauperis is **DENIED AS MOOT** as no filing fee is required.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of January, 2019.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE